Stanley iGarteusteiw, J.
The court has before it a petition for reimbursement of tuition for1 a handicapped child' as authorized by section 232 of the Family Court Act.
Marco, 10 years old as of the commencement of this proceeding, has been certified as a handicapped child under the ¡statute by virtue of being brain damaged. At one time, he did not attend school for a period in excess of six months owing’ to the failure and/or inability of the New York City Board of Education to provide adequate facilities for him .under its .auspices. His parents, the petitioners herein, tried to get him into a proper school, for more than three years until .they finally realized a measure of success by enrolling him in a particular facility in Westchester County which is now bankrupt and no longer operating and, because of certain facts to appear herein, will remain unnamed.
The facility in question was never certified by the New York ■State Department of Education as qualified to treat and/or educate handicapped children. In point of fact, it was inspected and failed ¡to obtain approval. Uncontested testimony was presented to the effect that equipment fo.r the handicapped was purchased without any relationship to proper use; that this facility offered no program specifically geared to .any handicapped child and/or .any learning disability; ¡that in fact the sole ‘ ‘ feature ’ ’ of this school appears to have been classes comprised of a more advantageous teacher-to-pupil ratio than found in the public schools. Despite its drawbacks, this ¡school evidently had a ¡superlative ability to collect tuition from the parents of its students, regardless of the hardship involved, ¡and it appears .that under threat of Marco’s imminent: expulsion, his parents, who could ill .afford to do so, were compelled to borrow substantial sums of money which they still owe, in order to maintain ¡his attendance.
In the face of a total absence of any program geared to meet Marco’s educational disabilities, the ironic fact emerges that this school somehow ¡succeeded when all others failed .and ¡that Marco .responded appropriately.
The parents now seek reimbursement ¡of the funds, expended to educate this infant for .the school year in issue so that they may ¡satisfy their loan.
It is uncontested by the City of New York which opposes this application, that all requirements of the ¡statute have been satisfied with the exception of proof that the facility in question was a duly certified one. Concerning’ the suitability of a facility, the statute (Family Ct. Act, § 232, ¡subd. [a], par. [1]) provides *1077 that: “ A suitable order may be made for the education of such child in its home, a hospital, or other suitable institution.” (Emphasis added.)
In Matter of James B. (75 Misc 2d 1012), Judge Maraño held that while iState certification of a school would facilitate the locality’s application for reimbursement from the .State under section 4403 of the Education Law, there exists no necessity to seek or obtain State certification unless and until this application is made .since, .until that time, the order is a charge solely upon the locality. He further held that while an actual certification by the State Department of Education could be accepted as prima facie proof of suitability, the permissive provisions of the statute were in no way to be construed as mandating this certification.
The matter at bar is clearly distinguishable. In James B., Judge Maraño ordered an uninspected .school to- be inspected for the purpose of obtaining certification which had not as yet been forthcoming because of the school’s newness. Here, the inspection has in fact, been held .and the school rejected. In addition, the school in James B. appeared to have a program geared to the handicapped while this school had no such program and, in fact, succeeded for reasons unknown to all concerned.
The application must in good conscience be denied and the court reluctantly does so knowing of the hardship caused to these good people who have petitioned for relief. In so .ruling, the court also holds that the decision in James B., would appear to be the outer limit of liberality in ¡construction of the statute rather than an outpost along the road in further efforts diluting its ¡specifics.